Mulianiari ARIFIN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73487.

Agency No. A79–195–203.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Kaaren L. Barr, Esq., Attorney at Law, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS-District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Mulianiari Arifin, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

We lack jurisdiction to review the IJ's finding that Arifin was ineligible for asylum since her application was not filed within a year of her last arrival to the United States. *See* 8 U.S.C. § 1158(a)(3); *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002).

We have jurisdiction to review the remainder of the IJ's decision pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the petition for review. Arifin failed to establish eligibility for withholding of removal because there was no evidence that it is "more likely than not" that she will be persecuted on account of a protected ground. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). The past harm that she suffered was inflicted by robbers to whom she could not attribute the required motive of persecution on account of a protected ground. The existence of a generalized or random possibility of persecution in the petitioner's country is not sufficient to qualify for withholding of removal. *See id.*

In addition, because petitioner failed to demonstrate that it is more likely than not that she would be tortured if returned to Indonesia, she is not entitled to protection under CAT. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

PETITION DISMISSED in part and DENIED in part.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.